CRAIG CARPENITO
United States Attorney
ANTHONY J. LABRUNA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey  07102
Tel.: 973-645-2926
Fax.: 973-297-2010
e-mail: anthony.labruna@usdoj.gov

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>DWAYNE A. IJAMES,<br><br>*Defendant.* | Honorable<br><br>*Civil Action No.*<br><br>COMPLAINT |

Plaintiff, the United States of America, on behalf of the United States Railroad Retirement Board, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey (Anthony J. LaBruna, Assistant United States Attorney), appearing brings this action for treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-3733, as amended.  Alternately, this action seeks damages for payment by mistake and unjust enrichment.

## INTRODUCTION

1. This is an action seeking civil penalties and treble damages pursuant to the False Claims Act, 31 U.S.C. §§ 3729 - 3733, as amended. The Government's Complaint charges that the defendant in this action submitted or caused the submission of false or fraudulent claims to the United States Railroad Retirement Board ("RRB") for sickness benefits. The RRB is an independent agency in the Executive Branch of the United States. The RRB administers comprehensive retirement-survivor and unemployment-sickness benefit programs for the nation's railroad workers and their families, under the Railroad Retirement Act, 45 U.S.C. § 231 *et seq.* and the Railroad Unemployment Insurance Act, 45 U.S.C. § 351 *et seq.*

2. As amended, the False Claims Act provides that any person who, with actual knowledge, or in reckless disregard or deliberate ignorance of the truth, submits a false or fraudulent claim to the United States Government for payment approval may be held liable to the Government for a civil penalty of not less than $5,500.00 and not more than $22,363.00 for each claim (depending on date of false claim), and up to three times the amount of damages sustained by the Government because of the false claim.

## JURISDICTION AND VENUE

3. This action arises under the False Claims Act (FCA), 31 U.S.C. §§ 3729 - 3733, as amended, and at common law. This Court has subject matter jurisdiction over this action under 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

4. Venue is proper in the District of New Jersey pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1395(a).

## THE PARTIES

5. Plaintiff is the United States of America ("United States"), on behalf of its agency, the Railroad Retirement Board ("RRB").

6. Defendant Dwayne A. Ijames ("Ijames") is a domiciliary of the State of New Jersey and resides at 128 Cobblestone Drive, Mt. Laurel, NJ 08054.

## FACTUAL BACKGROUND

7. Ijames was employed by New Jersey Transit as a Conductor and developed an illness on August 28, 2014. Ijames's railroad service makes him eligible to collect RRB Sickness benefits.

8. On or about August 19, 2014, Ijames applied for sickness benefits by completing RRB Form SI-1a, "Application for Sickness Benefits." Ijames's certified that ". .

. . I know that I must immediately report to the Railroad Retirement Board any changes which might affect my entitlement to benefits. I understand that disqualifications and civil and criminal penalties may be imposed on me for false or fraudulent statements, claims or for withholding information to get benefits. I understand and agree to the requirements set forth in Booklet UB-11."

9. To facilitate and support his claims for sickness benefits, Ijames completed and filed forms SI-1a and SI-1b, Application for Sickness Benefits and Statement of Sickness on August 19, 2014. Ijames signed form SI-1a certifying that the information he provided on the form was true, correct and complete and that he understood disqualifications and civil and criminal penalties could be imposed on him for false and fraudulent statements or claims or for withholding information to get benefits. Additionally, he certified that he received a copy of Booklet UB-11.

10. RRB Booklet UB-11 [Sickness Benefits for Railroad Employees], states in part:

> TO RECEIVE SICKNESS BENEFITS YOU MUST:
> - be unable to work due to sickness, injury, pregnancy or the birth of a child;
> - receive no wages, salary, pay for time lost, vacation pay, holiday pay, military reservists pay, pay under a wage continuation plan, sick pay or other remuneration from railroad or non-railroad employment for the days you claim benefits. You must report such pay on your claim. However, payments under your own health or accident insurance policy, or group insurance policy, or under a

> supplemental sickness benefit plan administered by your employer or and insurance company do not prevent the payment of sickness benefits and should not be reported on your claim forms.

11. RRB Booklet UB-11 further warned: "You will be disqualified for both unemployment and sickness benefits for 75 days if you make a false or fraudulent statement or claim in order to receive benefits. You may also be subject to fine or imprisonment."

12. In order to receive sickness benefits, an applicant must electronically submit RRB Form SI-3, "Claim For Sickness Benefits," every fourteen days through the U.S. RRB Benefit Online Service web page located at www.rrb.gov. 13.

    For the sickness insurance claim period beginning August 28, 2014, and continuing through the period beginning December 14, 2014, Ijames submitted 9 false and fraudulent "Claim for Sickness Benefits" forms SI-3 to the RRB electronically at web page www.rrb.gov.  Prior to completing and electronically submitting each SI-3 from to the U.S. RRB, Ijames was required to sign up for a Password Request Code (PRC) to set up and RRB internet account and establish a PIN/ Password.  Only railroad employees can obtain a PIN/Password Internet Account on the U.S. RRB website.  Ijames certified each time he electronically submitted a sickness insurance claim that he was the individual to whom the

5

PIN/Password information applied. This certification states in its entirety the following:

> Any person who knowingly and willingly makes any representation that this is false to obtain information from the Railroad Retirement Board records and/or that is intended to deceive the Railroad Retirement Board as the true identity of an individual could be punished by a fine or imprisonment or both.
>
> I have read the above statement and am the individual to whom the PIN/Password information applied.

14. During the period beginning March 21, 2013, and continuing through the period beginning December 14, 2014, Ijames earned wages from New Jersey Transit while claiming and receiving sickness benefit from RRB. New Jersey Transit is also the railroad employer for Ijames and his previous service to this railroad entitled Ijames to RRB SI benefits. Ijames knew he was employed and he submitted claims for sickness benefits.

15. But for Ijames statements and claims, he would not have received sickness insurance benefits from on or about March 21, 2013 through December 14, 2014.

16. As a result of Ijames's false claims, the United States has been damaged in the amount of $4,735.21.

# COUNT I

### Knowingly Presenting a False or Fraudulent Claim in Violation of the False Claims Act, 31 U.S.C. §§ 3729-3733

17. Plaintiff United States incorporates by reference the allegations contained in paragraphs 1 through 16, as if fully set forth at length herein.

18. By virtue of the acts described above, in 2014, Ijames knowingly presented, or caused others to present, to an officer, employee or agent of the United States false or fraudulent claims to obtain payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

19. As used in this count, the term "knowingly" means that a person, with respect to information, (a) has actual knowledge of the information; (b) acts in deliberate ignorance of the truth or falsity of the information; or (c) acts in reckless disregard of the truth or falsity of the information.

20. Knowledge by the RRB as to whether Ijames was employed was material to the decision to pay Ijames sickness benefits. Had the RRB known he was employed they would not have paid him the benefits.

20. The United States paid the false or fraudulent claims because of the acts of Ijames and, as a result, the United States has incurred actual damages in the amount of $4,735.21, exclusive of interest and costs.

21. Pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), as amended, Ijames may be liable to the United States under the treble damage and civil penalty provision of the False Claims Act for a civil penalty of not less than $ 5,500.00 and not more than $ 22,363.00 for each of the false or fraudulent claims herein, and up to three times the amount of damages which it has sustained because of Ijames's action.

Wherefore, plaintiff, United States, requests that judgment be entered in its favor and against defendant, Dwayne A. Ijames, for treble the government's single damages of $4,735.21 plus civil penalties of not less than $5,500.00 and not more than $ 22,363.00 for each of the false or fraudulent claims submitted by Ijames.

## COUNT II

### Payment by Mistake

22. Plaintiff United States incorporates by reference the allegations contained in paragraphs 1 through 16, as if fully set forth at length herein.

23. The United States made payments on the claims submitted by Ijames under the erroneous belief that the claims for payment were based upon representations which were factually accurate and which represented actual datesof sickness.

24. The United States's erroneous belief was material to the payments made by the United States to Ijames.

25. Because of these mistakes of fact, Ijames has received monies to which he is not entitled.

26. By reason of the overpayments described above, the United States is entitled to damages in the amount of at least $4,735.21.

Wherefore, plaintiff, United States, requests that judgment be entered in its favor and against defendant, Dwayne A. Ijames, for single damages, pre- and post-judgment interest and any such further relief as the Court deems appropriate.

## COUNT III

### Unjust Enrichment

27. Plaintiff United States incorporates by reference the allegations contained in paragraphs 1 through 16, as if fully set forth at length herein.

28. Because of Ijames's conduct, Ijames has been unjustly enriched with federal monies which in good conscience he should not be allowed to retain.

29. Ijames has been unjustly enriched to the detriment of the United States in the amount of $4,735.21.

Wherefore, plaintiff, United States, requests that judgment be entered in its favor and against defendant, Dwayne A. Ijames, for single damages, pre- and post-judgment interest and any such further relief as the Court deems appropriate.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

*s/ Anthony J. Labruna*
ANTHONY J. LABRUNA
Assistant U.S. Attorney

Dated: November 28, 2018